# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY E. SOUTHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CV2714PLC |
| | ) | |
| RYAN ZINKE, Secretary of | ) | |
| Department of the Interior, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Defendant Ryan Zinke's partial motion to dismiss [ECF No. 10]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves for dismissal of:[2] (1) Plaintiff Rodney E. Southard's claims for damages other than lost wages under the provisions of the Age Discrimination in Employment Act focused on federal employment, 29 U.S.C. § 633a[3] ("ADEA") (Counts I and IV); and (2) Plaintiff's allegedly untimely cause of action set forth in Count II for gender discrimination under the federal employment provision of Title VII, 42 USC § 2000e-16.[4] Defendant contends that a damage award against the federal government based on an ADEA claim is limited to lost wages. With

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

[2] Defendant also moved to dismiss Plaintiff's Title VII claims in Counts II and III to the extent Plaintiff seeks "damages beyond compensatory damages and attorney's fees." See Def.'s mem. supp. partial mot. dism. at 4 [ECF No. 11]. During oral argument, Defendant's counsel clarified that Defendant no longer challenges the damages Plaintiff seeks in his Title VII claims (Counts II and III), and withdrew this aspect of Defendant's motion. Therefore, the Court does not now address any challenge to the monetary relief Plaintiff seeks with respect to his Title VII claims.

[3] 29 U.S.C.§ 633a(a) provides that "[a]ll personnel actions affecting [federal] employees . . . who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age."

[4] 42 U.S.C. § 2000e-16(a) provides that "[a]ll personnel actions affecting [federal] employees . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."

respect to the Title VII claim in Count II, Defendant argues the claim is untimely because Plaintiff does not allege discriminatory conduct that occurred within 45 days of his initial contact with an Equal Employment Opportunity ("EEO") counselor. For the following reasons, Defendant's motion is granted in part and denied in part.

**I.      *Legal Standard***

When resolving a Rule 12(b)(6) motion, a court must regard as true the facts alleged in the complaint and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); accord Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013) (under Rule 12(b)(6), "the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff"). The court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Hager, 735 F.3d at 1013 ("[c]ourts must not presume the truth of legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986)").

The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 678; Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Id. (internal quotation marks and citation omitted). If the claims are only conceivable, not plausible, the court must dismiss the complaint under Rule 12(b)(6). Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 679.

## II.   *Background*

Plaintiff worked in Missouri for the United States Geological Survey, which is part of the United States Department of the Interior, for thirty-four years. In November 2017, when he was 56 years old, his employment as a GS-12 Hydrologist ended.

Defendant is the Secretary of the Department of the Interior. Plaintiff sues Defendant in his official capacity only.

On or after August 20, 2013, Plaintiff asked his supervisor about a GS-13 Supervisory Hydrologist position available in the office. Plaintiff's supervisor "instructed [him] not to apply for the position, and told Plaintiff he did not have a chance at getting the promotion." Pl.'s First Am. Compl. ¶ 22 [ECF No. 9]. When Plaintiff reminded his supervisor that a female GS-12 "had been promoted in 2009/2010 to GS-13 and asked whether that was possible for him, [Plaintiff's supervisor] told Plaintiff that the only reason that position was created was because that GS-12 'was a woman.'" Id. ¶ 25. Plaintiff applied and was interviewed for the GS-13 Supervisory Hydrologist position that was later awarded to a younger male employee. Id. ¶¶ 23, 28, 29. After that announcement, Plaintiff "contacted the E[qual] E[mployment] O[pportunity] C[ommission ("EEOC")] and complained that he believed he was discriminated against in the promotional process on the basis of his age and gender." Id. ¶ 30. In particular, on September 16, 2013, "Plaintiff contacted an EEO counselor and complained of discrimination on the basis of age and sex." Id. ¶ 52.

On October 24, 2013, Plaintiff's supervisor made comments to Plaintiff that he "shouldn't have made the [EEOC] complaint and that Plaintiff had 'pulled the trigger too fast.'" Id. ¶ 31. The EEOC "found that Plaintiff was retaliated against for complaining of

discrimination on the basis of age and gender when [his supervisor] spoke with him directly about his [EEOC] complaints in the October 24, 2013 conversation." Id. ¶ 34.

Thereafter, Plaintiff's "work environment deteriorated[, h]e was treated differently by his superiors, criticized, and scrutinized unlike other employees who had not complained of discrimination in an attempt to run Plaintiff out of his job." Id. ¶ 36. On one occasion Plaintiff's supervisor issued Plaintiff a "Letter of Warning" for Plaintiff's purported failure to follow directions on a project and threatened Plaintiff with possible termination for "further similar misconduct." Id. ¶ 38. Other allegedly retaliatory conduct included: (1) repeated questions about Plaintiff's retirement date; (2) reductions in Plaintiff's responsibilities; (3) social and professional isolation of Plaintiff; (4) criticism of Plaintiff's work; and (5) public humiliation. Id. ¶¶ 41-50. Plaintiff contacted an EEO counselor on January 17, 2017, to complain of discrimination on the basis of age and gender, and to complain of retaliatory conduct. Id. ¶ 57. Plaintiff filed a second EEOC complaint on April 28, 2017. Id. ¶ 58.[5] Plaintiff alleges he left his hydrologist position in November 2017 "when his work environment became unbearable." Id. ¶¶ 51.

Plaintiff filed this lawsuit on November 14, 2017. In his first amended complaint, Plaintiff alleges that Defendant is liable: (1) under the ADEA for discrimination in failing to promote Plaintiff to the 2013 supervisory GS-13 position because of his age (Count I); (2) under Title VII for discrimination in failing to promote him to a GS-13 position because of his gender (Count II); and (3) for retaliation under Title VII (Count III) and under the ADEA (Count IV) after he complained of age and gender discrimination. Plaintiff seeks: (1) a permanent injunction "prohibiting Defendant from engaging in any employment practices" violating Title

---

[5] The EEOC issued a decision on his first EEOC complaint on August 16, 2017 and had not issued a decision on his second EEOC complaint at the time Plaintiff filed this lawsuit. Pl.'s first am. compl. ¶¶ 56, 59 [ECF No. 9].

4

VII and the ADEA, id. at 17; (2) a promotion "to the GS-13 level and pay position, to which he was entitled for the 2013 Supervisory Hydrologist promotion," id.; (3) an award of front pay, back pay, and benefits "lost as a result of the discriminatory and retaliatory acts directed at him," id. at 17, 18; (4) reimbursement of "all reasonable and necessary expenses incurred due to" Defendant's discriminatory actions, id. at 18; (5) an award of "compensatory, liquidated, and other damages . . . in an amount to be determined at trial," id.;[6] (6) an award of costs and reasonable attorney's fees;[7] and (7) the Court's retention of "jurisdiction over this action to insure full compliance with the Orders of this Court," id. at 18.

## III. *Discussion*

### A. Dismissal of Plaintiff's ADEA claims for damages other than back pay

Defendant asserts that, under the ADEA, the only monetary relief a prevailing federal employee may be awarded is lost wages. More specifically, Defendant contends that "damages beyond lost wages" are not available for federal employees because the doctrine of sovereign immunity requires that a statute expressly provide for damages before a plaintiff can recover them from the United States. Defendant further urges that no provision of the ADEA applicable to federal employees, 29 U.S.C. § 633a, expressly permits a monetary award beyond back pay. Therefore, Defendant argues, Plaintiff may not recover monetary relief other than back pay, and all other damages requested by Plaintiff, such as compensatory damages, liquidated damages, or damages for pain and suffering, are not available under the ADEA, citing Smith v. Office of

---

[6] In each of his claims, Plaintiff specifically alleges that he "has been damaged in an amount to be determined at trial, including but not limited to back pay, diminution in earning capacity, damage to his reputation, loss of opportunity for further promotion, loss of benefits, loss of opportunity for professional growth and for pain, suffering, emotional distress and compensatory damages." Pl.'s first am. compl. ¶¶ 66, 72, 79, 86 [ECF No. 9].

[7] In Counts I and IV, Plaintiff seeks an award of costs and reasonable attorney's fees under the ADEA. Pl.'s first am. compl. ¶¶ 67, 87 [ECF No. 9]. In Counts II and III, Plaintiff seeks an award of costs and reasonable attorney's fees under Title VII. Id. ¶¶ 73, 80.

5

Pers. Mgmt., 778 F.2d 258 (5th Cir. 1985). With respect to Plaintiff's claim for attorney's fees, Defendant cites Palmer v. General Servs. Admin., 787 F.2d 300 (8th Cir. 1986), for the proposition that the Court may not award attorney's fees to a prevailing plaintiff under 29 U.S.C. § 633a.

Plaintiff counters that there is no Eighth Circuit case on point and "there is a recent circuit split on whether emotional distress damages . . . may be recoverable for FLSA/ADEA claims for retaliation," citing Hermsen v. City of Kansas City, Mo., 241 F. Supp. 3d 943, 958-59 (W.D. Mo. 2017).[8] Plaintiff further asserts the plain language of the applicable portion of the ADEA authorizes recovery for damages beyond lost wages. In particular, Plaintiff relies on 29 U.S.C. § 633a(c), which provides "[a]ny person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." Plaintiff distinguishes Smith and, with respect to Plaintiff's request for an award of attorney's fees, Plaintiff distinguishes Palmer.

Sovereign immunity shields the federal government from suit absent its consent. Croyle v. United States, 2018 WL 5852747, at *2 (8th Cir. Nov. 9, 2018) (No. 17-3561) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). More specifically, sovereign immunity bars a claim against a federal official sued in his or her official capacity, unless a waiver of sovereign immunity is "'unequivocally expressed.'" Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)); see also Floyd v. United States Marshals, 486 Fed. Appx. 623, 623-24 (8th Cir. Sept. 11, 2012) (No. 12-1103) (unpublished per curiam opinion) (affirming district court's dismissal, as barred by sovereign immunity, of damages claims against defendants sued only in their official capacities).

---

[8] Pl.'s response to Def.'s partial mot. dismiss at 3 [ECF No. 15].

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). "[T]he Government's consent to be sued 'must be construed strictly in favor of the sovereign.'" United States v. Nordic Village Inc., 503 U.S. 30, 34 (1992) (citation omitted). Therefore, "'any ambiguities in the scope of the waiver [of sovereign immunity are construed] in favor of the sovereign.'" Federal Aviation Admin. v. Cooper, 566 U.S. 284, 291 (2012). In particular, the statutory text must "establish unambiguously that the waiver extends to monetary claims." Nordic Village Inc., 503 U.S. at 34; accord Lane, 518 U.S. at 192 ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims").

In support of his argument that sovereign immunity limits ADEA damages, Defendant relies on Smith, supra. In that case, the Fifth Circuit concluded that:

> [t]he only specific remedy mentioned by the ADEA is back pay. To allow any recovery beyond back pay, [the Court] must find that Congress clearly intended that remedy to be available. Nothing in the ADEA indicates an intent by Congress to permit the recovery of damages beyond lost wages.

Id. at 261. While the Smith court acknowledged that subsection (c) of 29 U.S.C. Section 633a appeared to allow for a broad range of damages, the court reasoned:

> [w]hile subsection (b)[, which addresses enforcement by the EEOC,] is very specific about one type of relief which may be awarded[ ("reinstatement or hiring of employees with or without backpay")], subsection (c) is totally nonspecific. Beyond the mention of reinstatement and back pay, the only guidance the statute gives[, in Section 633a(c),] is that the courts may award "such legal or equitable relief as will effectuate the purposes of this chapter."

Id. The Smith court declined to imply the availability of damages other than lost wages due to the absence of Congressional intent to allow for such a recovery, and stated the purpose of the federal employment provision of the ADEA "was not to allow recovery of general and

7

consequential damages." Id. at 261, 262.[9] See also Collazo v. Nicholson, 535 F.3d 41, 45 (1st Cir. 2008) (the plaintiff federal employee's ADEA claim "is limited to compensatory damages for pain and suffering. . . . [Such] damages . . . are not available"); Villescas v. Abraham, 311 F.3d 1253, 1261 (10th Cir. 2002) ("[W]e hold that in § 633a, Congress did not expressly and unambiguously waive the government's sovereign immunity from separate compensatory damage awards for emotional distress and humiliation" in an ADEA retaliation case); Espinueva v. Garrett, 895 F.2d 1164, 1165 (7th Cir. 1990) (citing the Smith decision as support for the proposition in a federal employment case that "the ADEA [does not] authorize[] awards of compensatory . . . damages, as opposed to 'equitable' relief such as reinstatement and back pay"); Miller v. Kerry, 924 F. Supp. 2d 133, 138, 140 (D. D.C. 2013) ("Numerous courts, including district courts in this jurisdiction, have extended the rule against compensatory damages in private suits to suits against federal employers under § 633a"; this court "agrees with the conclusion of every other court to have addressed this issue: Congress has not waived federal sovereign immunity with respect to compensatory damages under the ADEA"). The rationale of the Fifth Circuit's decision in Smith is persuasive and precludes Plaintiff's recovery of monetary relief beyond lost wages or back pay.

Although Plaintiff relies on the Western District of Missouri's decision in Hermsen, supra, to support his position that he is entitled to an award of monetary relief beyond lost wages,

---

[9] The Fifth Circuit also rejected the plaintiff's contention he was entitled to recover damages for pain and suffering and liquidated damages as "clearly without merit." Smith, 778 F.2d at 263. With respect to damages for pain and suffering, the Smith court found case law did not permit an award of such damages in private sector cases under the ADEA, therefore, "Congress certainly did not intend to give this remedy to federal employees in ADEA suits." Id.

With respect to liquidated damages, the Smith court concluded "[t]here is no mention of liquidated damages in section 633a . . . [and if] Congress intended to allow such an extraordinary remedy in a suit against the United States [similar to the availability of such a remedy in private sector ADEA cases for a defendant's willful conduct], certainly Congress would have expressly provided for it." Id. Therefore, the Fifth Circuit "refuse[d] to imply such a remedy in a suit against the sovereign." Id. at 263-64.

8

the Court finds the Hermsen case factually distinguishable and inapposite. The plaintiff in Hermsen pursued a claim under the Fair Labor Standards Act, rather than the ADEA, and the defendant in that case was not the federal government but a city. Thus, the decision does not address the application of the doctrine of sovereign immunity to a federal employee's ADEA claim for monetary relief under 29 U.S.C. § 633a.

With respect to an award of attorney's fees, the Eighth Circuit held in Palmer that Section 633a of the ADEA does not explicitly allow such an award. Palmer, 787 F.2d 300. In Palmer, the Eighth Circuit addressed whether a court is "authorized to award attorneys' fees to a federal employee who prevails at the administrative level on a claim of age discrimination brought under the ADEA[.]" Id. The Eighth Circuit noted that Section 633a(c) "did not make explicit provision for the recovery of attorneys' fees," and concluded that:

> [w]hile [the plaintiff] would have this court construe the broad language of [Section 633a(c)] to authorize an award of fees in this case, to reach such a result would require this court to ignore the mandate of Alyeska[ Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975), requiring each litigant to pay its own attorneys' fees absent express statutory authorization to the contrary] and to imply a remedy not expressly provided for by Congress. This we have no authority to do.

Palmer, 787 F.2d at 301-02.

Plaintiff attempts to undermine Palmer's application here, by distinguishing it on its facts. While it is true that the Palmer case is factually distinguishable because it involved a request for attorney's fees after the plaintiff prevailed on his ADEA claim in administrative proceedings (rather than in judicial proceedings), the Eighth Circuit's decision considered the same statutory language at issue here, 29 U.S.C. § 633a(c), to ascertain whether attorney's fees are available. Moreover, in considering the availability of an attorney fee award, the Eighth Circuit did not rely on the fact the plaintiff sought an award after prevailing at the administrative level. Instead, the

9

Eighth Circuit's decision was based on the statutory language, sovereign immunity principles, and parameters of the American Rule regarding attorney fee awards. The Court concludes that Palmer is applicable here and precludes an award of attorney's fees directly under the ADEA.[10]

Plaintiff fails to identify express language in Section 633a unambiguously waiving the federal government's sovereign immunity for (1) an award of monetary relief beyond back pay or (2) an award of attorneys' fees. Accordingly, the Court grants Defendant's partial motion to dismiss Plaintiff's ADEA claims for monetary relief beyond an award of back pay under 29 U.S.C. § 633a if he prevails on his ADEA claims.

**B. Timeliness of Plaintiff's claim for gender discrimination under Title VII**

Defendant asserts that Plaintiff's Title VII failure-to-promote claim in Count II is untimely on the ground that the only arguably gender-based discriminatory conduct regarding promotions alleged in Plaintiff's first amended complaint occurred in 2009-10.[11] Plaintiff responds that his Title VII claim is timely because he alleges in his first amended complaint that he was denied a promotion in about August 2013 because of his gender and he reported it to an EEO counselor within 45 days, on September 16, 2013.

"In order for a federal employee to sue for sex discrimination under Title VII, the employee must initiate contact with an EEO counselor 'within 45 days of the date of the matter alleged to be discriminatory.'" Jenkins v. Mabus, 646 F.3d 1023, 1026 (8th Cir. 2011) (quoting

---

[10] In his response to Defendant's partial motion to dismiss the claim for attorneys' fees with respect to his ADEA claims, Plaintiff also contends the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), authorizes an award of attorney's fees if Plaintiff prevails. For his ADEA claims, however, Plaintiff's first amended complaint expressly alleges that he is entitled to recover attorney's fees under the ADEA, and does not mention the EAJA as a basis for such an award. The Court declines to address at this time whether Plaintiff may be able to recover attorney's fees under the EAJA if he prevails on his ADEA claims.

[11] Defendant did not move to dismiss Plaintiff's "failure-to-promote" discrimination claim under Title VII (Count II) on the ground that it failed to state a claim under Title VII. Accordingly, the Court does not address that argument, which Defendant raised in the alternative for the first time in his reply brief. Instead, this discussion focuses only on whether Plaintiff's Title VII claim in Count II was timely based on when Plaintiff spoke with an EEO counselor after the allegedly discriminatory failure to promote.

29 C.F.R. § 1614.105(a)(1)); accord Ellis v. Donahoe, 2014 WL 7335161, at *4 (E.D. Mo. Dec. 19, 2014) (No. 4:13-CV-238 CDP). A federal employee's claim for damages related to discrete acts of discrimination occurring more than 45 days before a plaintiff contacts an EEO counselor is time-barred. See Betz v. Chertoff, 578 F.3d 929, 937 (8th Cir. 2009) (the federal employee's ADEA retaliation claims are based on "discrete acts that required her to contact an EEO counselor within 45 days of their occurrence. She did not do so and is therefore barred from bringing an action based specifically on those occurrences"); Ellis, 2014 WL 7335161, at *4 ("Any alleged discrete discriminatory acts that occurred outside of (before) th[e] 45-day window [for speaking with an EEO counselor] are considered time-barred").

Plaintiff argues that allegations in his first amended complaint detail a series of conversations between him and his supervisor that occurred within the applicable 45-day time frame and his failure to obtain a promotion in about August 2013 constitutes the discrete conduct on which his Title VII claim is based. Plaintiff's first amended complaint states in relevant part:

> 20. On or about August 20, 2013, Plaintiff became aware of a GS-13 Supervisory Hydrologist position located at the [office] posted on the federal government's jobs website.
>
> 21. Plaintiff discussed with [his supervisor] the GS-13 position on the USAJOBS website. Shortly after telling [his supervisor] about the position, another superior in the . . . office, who would be the Selecting Official ("SO") for the GS-13 position, announced to Plaintiff that there was a Merit Promotion announcement out for "[a] position." Upon Plaintiff's questioning, the SO admitted that anyone qualified could apply for the position.
>
> 22. Following this conversation, Plaintiff spoke to [his supervisor] about the position again. [Plaintiff's supervisor] told Plaintiff that he should not try to take the position . . . , instructed Plaintiff not to apply for the position, and told Plaintiff that he could still try to get a non-supervisory GS-13 position.
>
> ….
>
> 25. In fact, prior to Plaintiff's interview, [Plaintiff's supervisor] told Plaintiff that he did not have a chance at getting the promotion. When Plaintiff

reminded [his supervisor] of the promotion of the female GS-12 who had been promoted in 2009/2010 to GS-13 and asked whether that was possible for him, [Plaintiff's supervisor] told Plaintiff that the only reason that position was created was because that GS-12 "was a woman."

….

52. On or about September 16, 2013, Plaintiff contacted an EEO counselor and complained of discrimination on the basis of age and sex.

(Pl.'s first am. compl. [ECF No. 9]).

Construing the allegations in Plaintiff's first amended complaint in his favor, the Court finds that Plaintiff alleged discrete discriminatory conduct occurring within Title VII's 45-day "initial contact" period. Specifically, Plaintiff alleges he asked his supervisor about one or more possible promotions on or after August 20, 2013; Plaintiff's supervisor discouraged Plaintiff's pursuit of any of those positions; Plaintiff did not receive any promotion at that time; and Plaintiff spoke to an EEO counselor on September 16, 2013. Therefore, Plaintiff's Title VII discrimination claim in Count II is timely. Accordingly, Defendant's partial motion to dismiss Plaintiff's Title VII claim is denied.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant's partial motion to dismiss [ECF No. 10] is **GRANTED in part** so that Plaintiff's claims for damages other than back pay in Counts I and IV are **DISMISSED, and is otherwise DENIED**.

Plaintiff's ADEA claims in Counts I and IV for a permanent injunction, a promotion, an award of back pay, and an award of front pay remain pending, as do both of Plaintiff's Title VII claims in Counts II and III.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2018.